## Case No. 12,131.

### RUMFORD CHEMICAL WORKS v. HECKER.

#### [1 Ban. & A. 135.] [1]

Circuit Court, D. New Jersey. April. 1874.

CONTINUANCE—ILLNESS OF COUNSEL.—MOTION AT FIRST TERM.

In this case two motions were made, one on behalf of the complainant, that the cause be set, down for trial, and the other on behalf of the defendant, for a continuance to the next term and for relief from a stipulation for its trial at the present term. The cause had been at issue for more than four months, and the time for taking testimony had expired and had not been extended by the court. Notice had been given by complainant's counsel, that the cause would be placed on the calendar, and thirty' days' additional time for the taking of testimony had been allowed to the defendant by the complainant's counsel, upon the condition that the cause should be put on the calendar and argued at such time as the court would hear it. The cause was placed upon the calendar and the court was ready for the arguments. It appeared from affidavits and the certificate of a physician, read upon the motion for a continuance, that the defendant's attorney, who had from the first been intimately connected with and had charge of this case, and previous cases involving the same subject matter, was unable, by reason of protracted ill health, to argue the cause, and that it was necessary he should have at least three months' rest, before he could undertake professional labors, and undergo the mental anxieties connected with important law suits. Under these circumstances, the court granted the motion for a continuance, stating, that as the motion was made at the first term after the joinder of issue, it should be considered favorably, although, ordinarily, it would not be a safe ground upon which to rely, when the proceedings had been long pending and the sickness of long standing.

[This was a bill in equity by the Rumford Chemical Works against George V. Hecker for the infringement of letters patent No. 14,722, granted to E. N. Hosford. April 22, 1856, reissued June 9, 1868, No. 2,979. Heard on motion for a continuance.]

C. A. Seward, for complainant.
Keller & Blake, for defendant.

NIXON, District Judge. Two motions are made in this case by the counsel of the respective parties: (1) A motion, on behalf of the complainant, that the cause be set down for trial at the present term; and, (2) a mo-

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

tion, on behalf of the defendant, for a continuance to the next term, and for relief from a stipulation for its trial at this term.

The original bill was filed September 25, 1873, and the cause was at issue on the 4th of December last. Under the 69th rule in equity, the time for taking testimony ceased on the 4th of March, unless the time was enlarged, by order of the court, for some special cause shown. No application has been made by either party for such purpose, and hence, after notice given by the counsel of the complainant on January 24th, that the case would go on the calendar at the March term, and after thirty days of additional time for taking testimony was procured of complainant by the defendant, and agreed to by the counsel of complainant, on the condition that the case should be put on the calendar, and argued at such time as the court would hear the same; it was placed on the calendar, and the court is now ready for the argument.

I have read all the affidavits accompanying the moving papers on each side, and duly considered their contents. I find much to justify the complainant's motion, that the cause should be set down peremptorily for hearing at this term, and little to authorize the court to grant the defendant's motion for a continuance to the September term, except the protracted indisposition of Mr. Keller. For that reason alone, I am inclined to yield to the defendant's request. Mr. Keller's intimate connection with, and control over, the previous cases, in which the subjects and questions of the present case were largely involved, not only render his services of peculiar value to the defence, but make it difficult to supply his place with other counsel.

No question is raised in regard to the present unsettled condition of his health. The certificate of his family physician, Dr. Weber, is clear upon this point. He says: "In my opinion, three months, at least, of absolute rest will be required to restore Mr. Keller's health, so as to enable him to undertake the professional labors, and undergo the mental anxieties, connected with important law suits; and I have no doubt that any attempt on his part, to do so before, will be followed by renewed attacks of pneumonia, and that not only his health will be injured, much more than it is even now, but also his life may be put in danger."

The court listens more readily to such a suggestion, as a reason for postponement, when it comes at the first term after issue joined. It would not be a safe ground to rely upon ordinarily, when the proceedings have been long pending, and the sickness of long standing.

However desirable it may be to the complainant to have the hearing before the summer vacation, in which desire we are in full sympathy, the reasons disclosed by the defendant for a continuance of the case, under existing circumstances, are deemed sufficient to authorize the court to grant his motion, and it is ordered accordingly.

In regard to the request of the complainant that an injunction should issue against the defendant, if his motion should be allowed, it is only needful to add, that the case, presented upon the bill and answer, is not one for a provisional injunction; and no intimations have been made to the court that the defendant is not entirely responsible. If such proof had been offered, the court, on allowing the motion, would have been strongly inclined to require ample security of the defendant, for the payment of all damages and profits, for the subsequent use of the alleged infringed patent of the complainant, upon the failure to file which, an injunction would have been ordered until the hearing and final decree.

[For other cases involving this patent, see note to Rumford Chemical Works v. Lauer, Case No. 12,135.]